**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

CENTER FOR BIOLOGICAL )
DIVERSITY, *et al.*, )
                              )
    *Plaintiffs*, )
                              )
    v. )    Case No. 3:13-cv-86-NC
                              )
REBECCA M. BLANK, in her )
official capacity as Acting )
Secretary of the U.S. )
Department of Commerce, *et al.*, )
                              )
    *Federal Defendants*. )
_____ )

**STIPULATED SETTLEMENT AGREEMENT AND [PROPOSED] ORDER**

Plaintiffs, Center for Biological Diversity, *et al.* ("Plaintiffs"), and Federal Defendants, Rebecca M. Blank, in her official capacity as Acting Secretary of the U.S. Department of Commerce, the National Marine Fisheries Service, Sally Jewell,[1] in her official capacity as Secretary of the Department of the Interior, and the U.S. Fish and Wildlife Service, ("Federal Defendants") (collectively, the "Parties"), have agreed to settle the above-captioned case in its entirety on the terms memorialized in this Stipulated Settlement Agreement ("Stipulation"):

WHEREAS, on July 28, 1978, the U.S. Fish and Wildlife Service ("FWS") and U.S. National Marine Fisheries Service ("NMFS") listed the loggerhead sea turtle (*Caretta caretta*) ("Loggerhead") as threatened throughout its range pursuant to the Endangered Species Act ("ESA"). *Listing and Protecting Loggerhead Sea Turtles as "Threatened Species" and*

---

[1]    Pursuant to Fed. R. Civ. P. 25(d), Sally Jewell is automatically substituted as a party defendant for Ken Salazar as Secretary of the U.S. Department of the Interior.

1

*Populations of Green and Olive Ridley Sea Turtles as Threatened Species or "Endangered Species,"* 43 Fed. Reg. 32,800 (July 28, 1978);

WHEREAS, on July 12, 2007, the Center for Biological Diversity ("Center") and the Turtle Island Restoration Network ("TIRN") petitioned FWS and NMFS to list the North Pacific population of the Loggerhead as an endangered species pursuant to the ESA and designate critical habitat;

WHEREAS, on November 15, 2007, the Center and Oceana petitioned FWS and NMFS to list the Western North Atlantic population of the Loggerhead as an endangered species under the ESA and designate critical habitat;

WHEREAS, FWS and NMFS published a notice on November 16, 2007, finding that the Center's and TIRN's petition concerning the listing of the North Pacific population of the Loggerhead as an endangered species presented substantial scientific information indicating that the petitioned action may be warranted. *90–day Finding for a Petition to Reclassify the Loggerhead Turtle in the North Pacific Ocean as a Distinct Population Segment with Endangered Status and to Designate Critical Habitat*, 72 Fed. Reg. 64,585 (Nov. 16, 2007);

WHEREAS, on March 5, 2008, FWS and NMFS published a notice stating that the Center's and Oceana's petition to list the Western North Atlantic population of the Loggerhead as an endangered species presented substantial scientific information indicating that the petitioned action may be warranted. *90–day Finding for a Petition to Reclassify the Loggerhead Turtle in the Western North Atlantic Ocean*, 73 Fed. Reg. 11,849 (Mar. 5, 2008);

WHEREAS, FWS and NMFS proposed listing nine distinct population segments ("DPSs") of the Loggerhead as threatened or endangered on March 16, 2010, under the ESA.

*Listing of Nine Distinct Population Segments of Loggerhead Sea Turtles as Endangered or Threatened*, 75 Fed. Reg. 12,598 (Mar. 16, 2010) ("Proposed Listing Rule");

WHEREAS, on June 2, 2010, FWS and NMFS extended the comment period on the Proposed Listing Rule by ninety (90) days, through September 13, 2010, to allow adequate time for the public to review and comment on the Proposed Listing Rule. *Proposed Listing of Nine Distinct Population Segments of Loggerhead Sea Turtles as Endangered or Threatened; Extension of Comment Period*, 75 Fed. Reg. 30,769 (June 2, 2010);

WHEREAS, on March 22, 2011, FWS and NMFS published a notice extending the date by which a final determination would be made regarding the Proposed Listing Rule, noting that (a) substantial disagreement existed regarding the interpretation of the existing data on Loggerhead status and trends and that data's relevance to the assessment of risk of extinction to the Northwest Atlantic Ocean Loggerhead DPS; and (b) considerable disagreement existed regarding the magnitude and immediacy of the fisheries bycatch threat and measures to reduce this threat to the Northwest Atlantic Ocean Loggerhead DPS. *Proposed Listing of Nine Distinct Population Segments of Loggerhead Sea Turtles as Endangered or Threatened*, 76 Fed. Reg. 15,932 (Mar. 22, 2011);

WHEREAS, on September 22, 2011, FWS and NMFS issued a final rule listing nine DPSs of the Loggerhead as endangered or threatened under the ESA. *Determination of Nine Distinct Population Segments of Loggerhead Sea Turtles as Endangered or Threatened*, 76 Fed. Reg. 58,868 (Sept. 22, 2011) ("Final Listing Rule");

WHEREAS in its Final Listing Rule, FWS and NMFS stated that critical habitat was not determinable at that time, but would be proposed in a separate rulemaking. 76 Fed. Reg. at 58,905;

3

WHEREAS, on January 8, 2013, Plaintiffs filed a Complaint for declaratory and injunctive relief, pursuant to the ESA, challenging FWS's and NMFS's alleged failure to designate critical habitat for the Northwest Atlantic Ocean and North Pacific Ocean Loggerhead DPSs;

WHEREAS, on March 25, 2013, FWS issued a proposed rule concerning the designation of terrestrial critical habitat for the Northwest Atlantic Ocean Loggerhead DPS. *Designation of Critical Habitat for the Northwest Atlantic Ocean Distinct Population Segment of the Loggerhead Sea Turtle* (*Caretta caretta*), 78 Fed. Reg. 18,000 (March 25, 2013);

WHEREAS, Plaintiffs and Federal Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiffs' claim, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiffs' Complaint;

WHEREAS the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve this dispute;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. On or before July 1, 2013, NMFS shall submit to the *Federal Register* for publication a proposed determination concerning the designation of marine critical habitat for the Northwest Atlantic Ocean Loggerhead DPS and North Pacific Ocean Loggerhead DPS.

2. On or before July 1, 2014, FWS shall submit to the *Federal Register* for publication its final determination concerning the designation of terrestrial critical habitat for the Northwest Atlantic Ocean Loggerhead DPS.

3. On or before July 1, 2014, to the extent NMFS has published a proposed rule to designate critical habitat under paragraph 1, *supra*, NMFS shall submit to the *Federal Register* for publication its final determination concerning the designation of marine critical habitat for the Northwest Atlantic Ocean Loggerhead DPS and North Pacific Ocean Loggerhead DPS.

4. Either party may seek to modify the deadlines for the actions specified in Paragraphs 1, 2, and 3, for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either party believes that the other party has failed to comply with any term or condition of this Stipulation, the Parties shall use the dispute resolution procedures specified in Paragraph 5 below.

5. The Order entering this Stipulation may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Stipulation, including the deadlines specified in Paragraphs 1, 2, and 3, or in the event of a dispute arising out of or relating to this Stipulation, or in the event that either party believes that the other party has failed to comply with any term or condition of this Stipulation, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim. The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court. In the event that NMFS fails to meet the deadlines identified in paragraphs 1 or 3, and has not sought by motion to modify them, or FWS fails to meet the deadline identified in Paragraph 2, and has not sought by motion to modify it, Plaintiffs'

first remedy shall be a motion to enforce the terms of this Stipulation. This Stipulation shall not, in the first instance, be enforceable through a proceeding for contempt of court.

6. The Parties have not resolved Plaintiffs' request for costs and attorneys' fees, but the Parties intend to negotiate in an effort to reach an agreement on any such claim.  If the Parties are unable to reach agreement within 60 days of filing this settlement, the Plaintiffs reserve the right to file a claim with this Court, and the Federal Defendants reserve the right to oppose and contest any such claim.

7. No party shall use this Stipulation or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination under 16 U.S.C. § 1533 in any other proceeding regarding FWS' or NMFS' implementation of the ESA.

8. Subject to the qualifications in paragraph 9, no provision of this Stipulation shall be interpreted as, or constitute, a commitment or requirement that the Federal Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Stipulation shall be construed to limit or modify the discretion accorded to FWS or NMFS by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

9. Nothing in this Stipulation shall be interpreted as, or shall constitute, a requirement that the Federal Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10. The terms of this Stipulation constitute the entire agreement of the Parties, and no statement, agreement, or understanding, oral or written, which is not contained herein, shall be

recognized or enforced. Except as expressly stated herein, this Stipulation supersedes all prior agreements, negotiations, and discussions between the Parties with respect to the subject matters discussed herein.

11. This Stipulation may be modified or amended only by order of this Court.

12. Each of the Parties' undersigned representatives certifies that they are fully authorized to enter into and execute the terms and conditions of this Stipulation, and do hereby agree to the terms herein.

13. The terms of this Stipulation shall become effective upon entry of an order by the Court ratifying the Stipulation.

14. This Stipulation has no precedential value and shall not be used as evidence of such in any litigation or in representations before any forum or public setting.

15. Upon approval of this Stipulation by the Court, all counts of Plaintiffs' Complaint shall be dismissed with prejudice.  Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to resolve any claims regarding attorneys' fees, oversee compliance with the terms of this Stipulation and to resolve any motions to modify such terms. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated:  April 2, 2013.

    Respectfully submitted,

    */s/ Catherine Caine Ware Kilduff* (with permission)
    _____
    CATHERINE CAIN WARE KILDUFF
    Center for Biological Diversity
    351 California St., Suite 600
    San Francisco, CA  94104
    Tel: 415-436-6982
    Fax: 415-436-9683
    Email: ckilduff@biologicaldiversity.org

*Counsel for Plaintiffs*

IGNACIA S. MORENO
Assistant Attorney General
SETH M. BARSKY, Section Chief
KRISTEN L. GUSTAFSON
Assistant Section Chief
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

*/s/ J. Brett Grosko*

J. BRETT GROSKO
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
Tel. (202) 305-0342/ Fax (202) 305-0275
brett.grosko@usdoj.gov

*Attorneys for Federal Defendants*

OF COUNSEL:

Ruth Ann Lowery, Esq.
NOAA Office of General Counsel
Silver Spring, Maryland

Michael Stevens, Esq.
U.S. Department of the Interior
Southeast Regional Solicitor's Office
Atlanta, Georgia

8

**[PROPOSED] ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated:        This __10__th day of __May__, 2013.

*GRANTED*
*Judge Nathanael M. Cousins*
*UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA*

_____
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2013, I caused the foregoing to be served via United States mail to the attorneys of record.

*/s/ J. Brett Grosko*
_____
J. Brett Grosko

9